1  Lawrence H. Nemirow
2  5242 Katella Ave., Suite 104
   Los Alamitos, CA 90720-2820
3  Tel. (562) 799-1379
   Fax. (562) 799-1377

**FILED**
DEC 1 0 2007
DEC 10, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

4  *Pro Se* for the Estate of Helene S. Nemirow et al

5  # UNITED STATES DISTRICT COURT

6  # NORTHERN DISTRICT OF ILLINOIS

7

8
9  THE ESTATE OF HELENE S. )   Civil Action No. 07CV6413
   NEMIROW; IRMA CARVER; )
   MADELEINE KATES and )
10 LAWRENCE H. NEMIROW, as )
   survivors of HELENE S. )
11 NEMIROW, deceased. )
                                 )
12           Plaintiffs, )       **PROOF OF SERVICE**
                                 **SUMMONS AND COMPLAINT**
13                               )
14 v                             )
                                 )
15 MCKAY MCKINNON, M.D., THE )
   UNIVERSITY OF CHICAGO )
16 HOSPITALS, an Illinois )
   corporation; THE UNIVERSITY )
17 OF CHICAGO, an Illinois not-for- )
   profit corporation; and )
18 DOES 1 through 50, Inclusive )
                                 )
19                               )
             Defendants. )
20 _____)

21

22    At the time of service I was at least 18 years old and **I served** copies of

23 the summons and complaint on Defendant University of Chicago Hospitals as follows:

24    **Mail and acknowledgment of service.** By mailing first class copies to:

25        Susan Sher

26        5841 S. Maryland Ave.

27        Chicago, IL 60637

28 by mailing copies to the person served, with two (2) copies of the form of Waiver of Service of

1

PROOF OF SERVICE - SUMMONS AND COMPLAINT

1  Summons and Complaint and a return envelope, postage prepaid addressed to the sender.
2      I declare under penalty of perjury that the foregoing is true and correct.
3  Date: December 3, 2007
4                                              */s/ Lawrence H. Nemirow*
                                            LAWRENCE H. NEMIROW

AO 399 (Rev. 05/00)

*Sent by reg mail 11/28/07*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

### Waiver of Service of Summons

TO: _LAWRENCE H. NEMIROW_
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

FILED
DEC 16 2007
DEC 10 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

I, _THE UNIVERSITY of CHICAGO HOSPITALS_, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of _THE ESTATE OF HELENE S. NEMIROW; IRMA CARVER; MADELEINE KATES and LAWRENCE H. NEMIROW et al vs. McKAY McKINNON, M.D., The University of Chicago Hospitals and University of Chicago_
(CAPTION OF ACTION)

which is case number _07CV6413_ in the United States District Court
(DOCKET NUMBER)

for the Northern District of Illinois.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _11/19/07_,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_11/27/07_　　　　　_Carla Gazes_
(DATE)　　　　　　　(SIGNATURE)

Printed/Typed Name: _Carla Gazes_

As _Assistant General Counsel_ of _the University of Chicago Medical Center_
(TITLE)　　　　　　　　　　　　　(CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.