**FILED**
JAN 11 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Lawrence H. Nemirow
5242 Katella Ave., Suite 104
Los Alamitos, CA 90720-2820
Tel. (562) 799-1379
Fax. (562) 799-1377

*Pro Se* for the Estate of Helene S. Nemirow et al

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE ESTATE OF HELENE S. NEMIROW; IRMA CARVER; MADELEINE KATES and LAWRENCE H. NEMIROW, as survivors of HELENE S. NEMIROW, deceased.<br><br>Plaintiffs,<br><br>v.<br><br>MCKAY MCKINNON, M.D., THE UNIVERSITY OF CHICAGO HOSPITALS, an Illinois corporation; THE UNIVERSITY OF CHICAGO, an Illinois not-for-profit corporation; and DOES 1 through 50, Inclusive<br><br>Defendants. | Civil Action No. 07CV6413<br><br>**PROOF OF SERVICE SUMMONS AND COMPLAINT** |

At the time of service I was at least 18 years old and **I served** copies of the summons and complaint on Defendant University of Chicago Hospitals as follows:

**Mail and acknowledgment of service.** By mailing first class copies to:

    Beth Harris

    5801 S. Ellis Ave.

    Chicago, IL 60637

by mailing copies to the person served, with two (2) copies of the form of Waiver of Service of

1

1 | Summons and Complaint and a return envelope, postage prepaid addressed to the sender.
2 |     I declare under penalty of perjury that the foregoing is true and correct.
3 | Date: January 7, 2008
4 |
5 |                                   LAWRENCE H. NEMIROW

AO 399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## Waiver of Service of Summons

TO: _LAWRENCE H. NEMIROW_
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _THE UNIVERSITY OF CHICAGO_, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of _THE ESTATE OF HELENE S. NEMIROW; IRMA CARVER; MADELEINE KATBE and LAWRENCE H. NEMIROW et al vs. McKAY McKINNON, M.D., The University of Chicago Hospitals and University of Chicago_,
(CAPTION OF ACTION)

which is case number _07CV6413_ in the United States District Court
(DOCKET NUMBER)

for the Northern District of Illinois.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _11/19/07_,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_12/27/07_    _Carla Hayes_
(DATE)                    (SIGNATURE)

Printed/Typed Name: _Carla Hayes_

As _Asst. Gen Counsel_ of _The University of Chicago Med Center_
    (TITLE)                            (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.