Lawrence H. Nemirow
5242 Katella Ave., Suite 104
Los Alamitos, CA 90720-2820
Tel. (562) 799-1379
Fax. (562) 799-1377

*Pro Se* for the Estate of Helene S. Nemirow et al

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

THE ESTATE OF HELENE S. )
NEMIROW; IRMA CARVER; )
MADELEINE KATES and )
LAWRENCE H. NEMIROW, as )
survivors of HELENE S. )
NEMIROW, deceased. )
)
                Plaintiffs, )
)
)
v )
)
)
MCKAY MCKINNON, M.D.,THE )
UNIVERSITY OF CHICAGO )
HOSPITALS, an Illinois )
corporation; THE UNIVERSITY )
OF CHICAGO, an Illinois not-for- )
profit corporation; and )
DOES 1 through 50, Inclusive )
)
)
                Defendants. )
_____ )

Civil Action No. 07CV6413

**PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT**

# F I L E D
*1-22-2008*
JAN 2 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Plaintiff asks the court to render a default judgment against the defendant.

### A. Introduction

1. Plaintiffs are THE ESTATE OF HELENE S. NEMIROW; IRMA CARVER; MADELEINE KATES and LAWRENCE H. NEMIROW, as survivors of HELENE S. NEMIROW, deceased. Defendants are the UNIVERSITY OF CHICAGO HOSPITALS and THE UNIVERSITY OF CHICAGO .

1

1    2.  On November 13, 2007, plaintiffs sued for Medical Malpractice, Wrongful
2  Death, and Survival.

3    3.  On November 19, 2007, defendants were served with a notice of
4  commencement of suit and request for waiver of service of process by certified first
5  class mail. Defendants signed and returned the waiver, and plaintiff filed the waiver
6  with the court. A copy of the waiver is attached as Exhibit A.. Defendant did not file
7  a responsive pleading or otherwise defend the suit.

8    4.  Plaintiff is entitled to entry by default.

9                              B.   Argument

10    5.  The clerk of the court may enter a default against a party who has not filed a
11  responsive pleading or otherwise defend the suit. Fed. R. Civ. P. 55(a); N.Y. LIFE
12  INS. CO. v. BROWN, 84 F.3D 137, 141 (5th Cir. 1996).

13    6.  The clerk should enter a default against defendants because defendants after
14  waiving service, did not file a responsive pleading or otherwise defend the suit within
15  60 days after November 19, 2007, the date when the request for waiver of service was
16  sent. Fed. R. Civ. P. 4(d)(3), 12(a)(1)(B).

17    7.  Plaintiffs meet the procedural requirements for obtaining a entry of default
18  from the clerk as demonstrated by LAWRENCE H. NEMIROW'S declaration attached
19  as Exhibit B.

20    8.  Defendants are not infants, incompetent persons, or in the military service.

21    9.  Because defendants did not file a responsive pleading or otherwise defend the
22  suit, they are not entitled to notice of entry of default. Fed. R. Civ. P. 55 (a); *see* Key
23  Bank v. Tablecloth Textile Co. 74 F.3d 349, 352-353 (1st Cir., 1996)

24                              C.   Conclusion

25    10.  Defendants did not respond to the complaint within 60 days after being
26  served with a Waiver of Service of Summons. For these reasons, plaintiff asks the
27  clerk to enter a default in favor of plaintiff.

28  Date: January 7, 2008

LAWRENCE H. NEMIROW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT

EXHIBIT A

1 Lawrence H. Nemirow
5242 Katella Ave., Suite 104
2 Los Alamitos, CA 90720-2820
Tel. (562) 799-1379
3 Fax. (562) 799-1377

**RECEIVED**

JAN 1 1 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

4 *Pro Se* for the Estate of Helene S. Nemirow et al

5                  **UNITED STATES DISTRICT COURT**

6                  **NORTHERN DISTRICT OF ILLINOIS**

7

8
THE ESTATE OF HELENE S. )          Civil Action No. 07CV6413
9 NEMIROW; IRMA CARVER; )
MADELEINE KATES and )
10 LAWRENCE H. NEMIROW, as )
survivors of HELENE S. )
11 NEMIROW, deceased. )

12                    Plaintiffs, )          **PROOF OF SERVICE**
                              )          **SUMMONS AND COMPLAINT**
13                              )
   v                          )
14                              )
15 MCKAY MCKINNON, M.D., THE )
UNIVERSITY OF CHICAGO )
16 HOSPITALS, an Illinois )
corporation; THE UNIVERSITY )
17 OF CHICAGO, an Illinois not-for- )
profit corporation; and )
18 DOES 1 through 50, Inclusive )
19                              )
                    Defendants. )
20 _____ )

21

22       At the time of service I was at least 18 years old and **I served** copies of

23 the summons and complaint on Defendant University of Chicago Hospitals as follows:

24       **Mail and acknowledgment of service.** By mailing first class copies to:

25              Beth Harris

26              5801 S. Ellis Ave.

27              Chicago, IL 60637

28 by mailing copies to the person served, with two (2) copies of the form of Waiver of Service of

                                        1

1  Summons and Complaint and a return envelope, postage prepaid addressed to the sender.

2      I declare under penalty of perjury that the foregoing is true and correct.

3  Date: January 7, 2008

4                                         LAWRENCE H. NEMIROW

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AO 399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

### Waiver of Service of Summons

TO: _____ LAWRENCE H. NEMIROW _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _THE UNIVERSITY OF CHICAGO_____, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of _McKay McKinnon, M.D. The University of Chicago_,
(CAPTION OF ACTION)

*THE ESTATE OF HELENE S. NEMIROW; IRMA CARVER; MADELEINE KATES and LAWRENCE H. NEMIROW et al vs. University of Chicago Hospitals and University of Chicago*

which is case number _____ O7CV6413 _____ in the United States District Court
(DOCKET NUMBER)

for the Northern District of Illinois.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after ___11/19/07___,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____ 12/27/07 _____  _Carla Grazes_ _____
(DATE)                        (SIGNATURE)

Printed/Typed Name: _Carla Grazes_

As _Asst. Gen Counsel_ of _the University of Chicago Med Center_
(TITLE)                      (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**RECEIVED**

1  Lawrence H. Nemirow
   5242 Katella Ave., Suite 104

2  Los Alamitos, CA 90720-2820
   Tel. (562) 799-1379

3  Fax. (562) 799-1377

JAN 1 1 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

4  *Pro Se* for the Estate of Helene S. Nemirow et al

5              **UNITED STATES DISTRICT COURT**

6              **NORTHERN DISTRICT OF ILLINOIS**

7

8
   THE ESTATE OF HELENE S. )          Civil Action No. 07CV6413
9  NEMIROW; IRMA CARVER; )
   MADELEINE KATES and )
10 LAWRENCE H. NEMIROW, as )
   survivors of HELENE S. )
11 NEMIROW, deceased. )

12                        Plaintiffs, )    **PROOF OF SERVICE**
                                     )    **SUMMONS AND COMPLAINT**
13                                   )
                                     )
14 v                                 )
                                     )
15 MCKAY MCKINNON, M.D.,THE )
   UNIVERSITY OF CHICAGO )
16 HOSPITALS, an Illinois )
   corporation; THE UNIVERSITY )
17 OF CHICAGO, an Illinois not-for- )
   profit corporation; and )
18 DOES 1 through 50, Inclusive )
                                     )
19                                   )
                        Defendants. )
20 _____ )

21

22      At the time of service I was at least 18 years old and **I served** copies of

23  the summons and complaint on Defendant University of Chicago Hospitals as follows:

24      **Mail and acknowledgment of service.** By mailing first class copies to:

25          Beth Harris

26          5801 S. Ellis Ave.

27          Chicago, IL 60637

28  by mailing copies to the person served, with two (2) copies of the form of Waiver of Service of

                                      1

1  Summons and Complaint and a return envelope, postage prepaid addressed to the sender.

2      I declare under penalty of perjury that the foregoing is true and correct.

3  Date: January 7, 2008

4                                                    LAWRENCE H. NEMIROW

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE - SUMMONS AND COMPLAINT

AO 399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

### Waiver of Service of Summons

TO: _____ LAWRENCE H. NEMIROW _____

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, *THE UNIVERSITY OF CHICAGO* _____, acknowledge receipt of your request

(DEFENDANT NAME)

*THE ESTATE OF HELENE S. NEMIROW; IRMA CARVER; MADELEINE KATHE and LAWRENCE H. NEMIROW et al*

that I waive service of summons in the action of *McKay McKinnon M.D. The University of Chicago Hospitals and University of Chicago*

vs.

(CAPTION OF ACTION)

which is case number _____ O7CV6413 _____ in the United States District Court

(DOCKET NUMBER)

for the Northern District of Illinois.

    I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if

an answer or motion under Rule 12 is not served upon you within 60 days after _____ 11/19/07 _____,

(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____ 12/27/07 _____ *Carla Hayes* _____

(DATE)                                       (SIGNATURE)

Printed/Typed Name: *Carla Hayes*

As *Asst. Gen Counsel* of *the University of Chicago Med Center*

(TITLE)                                (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

EXHIBIT B

1  Lawrence H. Nemirow
   5242 Katella Ave., Suite 104
2  Los Alamitos, CA 90720-2820
   Tel. (562) 799-1379
3  Fax. (562) 799-1377

4  *Pro Se* for the Estate of Helene S. Nemirow et al

5              **UNITED STATES DISTRICT COURT**

6              **NORTHERN DISTRICT OF ILLINOIS**

7

8  THE ESTATE OF HELENE S. )        Civil Action No. 07CV6413
9  NEMIROW; IRMA CARVER; )
   MADELEINE KATES and )
10 LAWRENCE H. NEMIROW, as )
   survivors of HELENE S. )
11 NEMIROW, deceased. )

12                    Plaintiffs, )        **DECLARATION UNDER PENALTY**
                                  )        **OF PERJURY**
13                                )
   v                              )
14                                )
                                  )
15 MCKAY MCKINNON, M.D., THE )
   UNIVERSITY OF CHICAGO )
16 HOSPITALS, an Illinois )
   corporation; THE UNIVERSITY )
17 OF CHICAGO, an Illinois not-for- )
   profit corporation; and )
18 DOES 1 through 50, Inclusive )
                                  )
19                                )
                     Defendants. )
20

21

22 STATE OF CALIFORNIA} §
   COUNTY OF ORANGE   } §
23

24    Declaration of LAWRENCE H. NEMIROW.

25    I, LAWRENCE H. NEMIROW, declare as follows:

26    1. I am the administrator of the ESTATE OF HELENE S. NEMIROW

27 DECEASED, appearing *Pro Se* in the State of Illinois on behalf of the Estate and for

28 myself as a plaintiff and for plaintiffs IRMA CARVER and MADELEINE KATES.

                                  1

1  I am also an attorney at law in the State of California admitted to practice law

2  in any of the State of California Courts and I am admitted to practice law in the United

3  States District Court for the Central District of California, and if called to testify to any

4  of the facts stated hereunder, could an would testify.

5       2. On November 19, 2008 I sent a Waiver of Service of Summons to defendants

6  University of Chicago Hospitals and University of Chicago by certified mail, and

7  received the signed waiver of service from both defendants. A true and correct copy

8  of the Waivers of Service of Summons is attached as Exhibit A.

9       3.    More than sixty days has elapsed since the mailing and neither of the

10  defendants has filed a responsive pleading of any kind.

11      4.   Under the Federal Rules of Civil Procedure, and in particular Fed. R. Civ. P.

12  55(a), the clerk should enter default in favor of plaintiff.

13      I, LAWRENCE H. NEMIROW declare, under penalty of perjury under the laws

14  of the State of California, the State of Illinois, and United States of America, the

15  foregoing is true and correct.

16  EXECUTED on January 21, 2008

17

18                                             LAWRENCE H. NEMIROW

19

20

21

22

23

24

25

26

27

28

DECLARATION UNDER PENALTY OF PERJURY