IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF HELENE S. NEMIROW; IRMA CARVER; MADELEINE KATES; AND LAWRENCE H. NEMIROW, as survivors of HELENE S. NEMIROW, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>MCKAY MCKINNON, M.D.; THE UNIVERSITY OF CHICAGO HOSPITALS, an Illinois corporation; THE UNIVERSITY OF CHICAGO, an Illinois not-for-profit corporation; and DOES 1-50,<br><br>Defendants. | No. 07-cv-6413<br><br>Judge George M. Marovich<br><br>Magistrate Judge Nan R. Nolan |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS UNIVERSITY OF CHICAGO HOSPITALS AND UNIVERSITY OF CHICAGO**

Defendants, THE UNIVERSITY OF CHICAGO HOSPITALS ("UCH") and THE UNIVERSITY OF CHICAGO ("The University") (collective "UC Defendants"), by their attorneys, Scott R. Wolfe and Kevin J. Clancy of Lowis & Gellen, LLP, submit the following Memorandum of Law in Support of their Motion to Dismiss Counts IX-XVIII of Plaintiffs' Complaint.

## INTRODUCTION

Plaintiffs allege that the decedent, Helene S. Nemirow, was 59 years of age in or around July, 2006. On or about July 18, 2006, the decedent allegedly visited Defendant Dr. McKinnon for evaluation about possible cosmetic surgery for the removal of excess skin from her legs. Plaintiffs allege that Dr. McKinnon so roughly examined the decedent that a hematoma formed

in her leg, which later became infected. Plaintiffs also allege that the decedent visited UCH on July 19, 2006 for admission as a surgical candidate, but no surgery was ever performed. She was discharged on July 22, 2006 to a non-party nursing home, Warren Barr Pavilion. Again on August 1-2, 2006 decedent visited UCH in the emergency room allegedly because of an elevated white blood cell count caused by an infection. She was not admitted to UCH at that time. She then went to stay at another local nursing home, Lakeview Nursing Home, also a non-party, from August 2-23, 2006. On August 23, 2006, Lakeview sent the decedent to UCH allegedly because her infection had worsened. She remained hospitalized at UCH until September 14, 2006 at which time she died. The death certificate allegedly listed the cause of death as a chronic infection of hematoma.

Plaintiffs' complaint includes the following causes of action against the UC Defendants: Count IX – medical malpractice under the Illinois Survival Act; Count X medical malpractice under the Illinois Wrongful Death Act; Count XI – res ipsa loquitur under the Survival Act; Count XII – res ipsa loquitur under the Wrongful Death Act; Count XIII – informed consent under the Survival Act; Count XIV – informed consent under the Wrongful Death Act; Count XV – negligent hiring under the Survival Act; Count XVI – negligent hiring under the Wrongful Death Act; Count XVII – negligent supervision under the Survival Act; and Count XVIII (mislabeled as Count XVII) – negligent supervision under the Wrongful Death Act. All of these causes of action arise from and relate the treatment and or alleged lack of proper medical care provided to the decedent. As shown below, Plaintiffs' complaint must be dismissed as a matter of law for the following reasons. First, Plaintiffs have failed to provide and attach the requisite affidavit stating that a health care provider in this field has reviewed the claim and finds it meritorious, as required under 735 ILCS 5/2-622. Second, Plaintiffs have failed to allege any

viable claim based against the UC Defendants because they have failed to set forth sufficient allegations of wrongdoing against these Defendants. Third, Plaintiffs have failed to plead a viable claim for res ipsa loquitur because they have not alleged any instrumentality or agency that allegedly cause the injury and have not, and cannot allege that any such instrumentality was under the control of the UC Defendants. In addition, the res ipsa loquitur claim fails because the Plaintiffs have not attached or included the required report or affidavit. Fourth, the informed consent claims fail because Plaintiffs have failed to attach the required affidavit or report. Finally, Plaintiffs seek to bring actions on behalf of all Plaintiffs individually, and under Illinois law only the Estate of the decedent has standing to bring a claim under the these claims.

## ARGUMENT

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). The court may dismiss the complaint under Rule 12 if it appears that the Plaintiffs can prove no set of facts supporting her claim that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Because this case is before the court pursuant to its diversity jurisdiction, Illinois substantive law will apply.

**I.　　Plaintiffs Have Failed to Provide the Required Affidavit and Report From a Health Care Professional and the Complaint Must Be Dismissed.**

Illinois statutes, 735 ILCS 5/2-622, provides as follows:

In any action, whether in tort, contract or otherwise, in which the Plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the Plaintiffs' attorney or the plaintiff, if the Plaintiff is proceeding pro se, shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:

1.　　That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 5

years or teaches or has taught within the last 5 years in the same area of health care or medicine that is at issue in the particular action; and (iii) meets the expert witness standards set forth in paragraphs (a) through (d) of Section 8-2501; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. . . . A copy of the written report, clearly identifying the Plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, including the reviewing health care professional's name, address, current license number, and state of licensure, must be attached to the affidavit.

2.  [That the affiant was unable to obtain a consultation because a statute of limitations would impair the action]. Or,

3.  [That the affiant was unable to obtain a consultation because he or she requested medical records but did not receive those medical records].

As the Seventh Circuit has recognized, the purpose of Section 622 is "to minimize frivolous malpractice suits." *Sherrod v. Lingle*, 223 F. 3d 605, 613 (7th Cir. 2000). Although this is a state pleading statute, federal courts in this District and the Seventh Circuit itself, have applied this statute to federal diversity actions as substantive law under the *Erie* doctrine. *Sherrod*, 223 F.3d at 613 (remanding case to district court for refilling with the required report); *Carpenter v. Office of the Lake County Sheriff*, 2005 WL 1126545 (N.D. Ill., May 2, 2005); *Carter v. Finley*, 2003 WL 1341430 (N.D. Ill., May 17, 2003); and *Smith v. Gottlieb*, 2002 WL 1636546 (N.D. Ill., July 23, 2002). The rationale behind applying this rule in federal court is to avoid creating an opportunity for forum shopping. As one court explained, "[i]f the rule was not applicable in federal court, the Plaintiff with a weak case would be encouraged to file her case here to avoid the requirements of 2-622. Such a result makes little sense. Further, it would be unfair to subject one set of plaintiffs to the requirements of 2-622 while exempting other solely on the basis of the fortuitous existence of diversity or supplemental jurisdiction." As a result, this requirement applies to the complaint in this case. The complaint in this matter does not

4

contain the requisite affidavit of counsel or pro se plaintiff, and does not include a health care practitioner's report as required. Because Plaintiffs have failed to comply with this requirement, the action must be dismissed.

## II. Plaintiffs Fail To State Sufficient Allegations to Support Their Claims.

A complaint for medical malpractice, even under the notice pleading requirements of federal court, must state either direct or inferential allegations concerning all the material elements necessary for recovery, and can be dismissed if it fails to do so. *Copeland v. Northwestern Memorial Hosp.*, 964 F. Supp. 1225, 1241 (N.D. Ill, 1997). At a minimum, Plaintiffs must set forth enough allegations so that the defendants "determine the particular conduct in which they are alleged to have engaged . . . to allow the defendants to formulate a defense to the case." *Markham v. White*, 1995 WL 669643 (N.D. Ill., Nov. 8, 1995). Moreover, to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School,* 144 F.3d 448, 444-45 (7th Cir.1998). Here, Plaintiffs have failed to do that. They have put forth only sweeping conclusory allegations that the UC Defendants were responsible for the death of the decedent but do not allege sufficient facts from which the Defendants can formulate a defense. In particular, with regard to the negligent hiring and negligent supervision claims (Counts XV – XVIII), Plaintiffs do nothing more than set forth conclusions of law that the UC Defendants negligently hired or supervised unnamed and unspecified employees, without setting forth any allegations of who was involved, or how that hiring or supervision was in any way connected with the injuries alleged here. The complaint fails to set forth adequate allegations to explain what conduct the Defendants were alleged to have engaged in and fails to afford enough information to prepare a defense.

III.     **Counts XI and XII, Alleging Res Ipsa Loquitur, Fail Because Plaintiffs Have Not Alleged Any Instrumentality or Agency, or That It Was Under the Control of the UC Defendants.**

Under Illinois law, in order to set forth a claim for negligence based on the doctrine of res ipsa loquitur, a Plaintiff "must plead and prove that he or she was injured (1) in an occurrence that ordinarily does not happen in the absence of negligence, (2) by an agency or instrumentality within the defendant's exclusive control." *Gatlin v. Ruder,* 560 N.E.2d 586, 590 (Ill. 1990). Here, Plaintiffs set forth nothing but the most bare allegation that the decedent's death was caused by an instrumentality or agency under the exclusive control of the UC Defendants, which is nothing more than a rote recitation of the elements of the claim, rather than a proper allegation. The injury that allegedly gave rise to the death was a hematoma, allegedly caused by rough handling during an examination by Dr. McKinnon. There is nothing in the complaint to suggest or even infer that such examination involved any instrumentality or agency, or that the UC Defendants had any control over that, as the examination did not even occur in one of their facilities. The only situation in which Illinois allows a cause of action when the instrumentality or agency is not alleged, is when the "defendant was responsible for all reasonable causes to which the accident could be attributed." *Heastie v. Roberts,* 877 N.E.2d 1064, 1080 (Ill. 2007).

In *Heastie*, the injury occurred when a patient was strapped to a gurney and caught on fire. The court held that the Plaintiff need not allege the specific instrumentality that caused the fire, because, whatever it was, it was in the control of the defendant, and the patient was immobilized and under the hospital's control. Here, the allegations are quite different. The decedent was first seen by Dr. McKinnon when the hematoma was allegedly caused. The UC Defendants had no control over any circumstances there. In addition, after that visit for roughly

one day, the decedent was at neither Dr. McKinnon's nor UCH. (Compl. ¶ 14-15). Between July 22, 2006 and August 1, 2006, she was at the Warren Barr Pavilion, again, nothing affecting her there was under the control of the UC Defendants. Finally, between August 2, 2006 and August 23, 2006, the decedent was at the Lakeview Nursing home, where nothing affecting her was under the control of the UC Defendants.

In other cases, courts have allowed res ipsa loquitur claims to proceed against several defendants, when the cause of the particular injury is not alleged, only if the group of defendants had control over all instrumentalities that may have caused the injuries. For example, in *Collins v. Superior Air-Ground Ambulance Serv.*, 338 Ill.App.3d 812, 789 N.E.2d 394 (1st Dist. 2003), the Plaintiff alleged that she was injured when being moved from an ambulance service to a nursing facility. Both the ambulance service and the facility were defendants. The court allowed the claim to go forward despite the lack of allegations of any particular instrumentality, because whatever the instrumentality was, it must have been in control of one of the two defendants in the case. That is not so in this matter. Here, there are at least three distinct periods of time where factors causing or contributing to the injuries alleged could have occurred and the potential instrumentalities were not in control of any defendants, let alone the UC Defendants. In particular the UC Defendants could have had no control over anything occurring at either of the nursing facilities. This case is quite different from those in which the courts have allowed res ipsa loquitur claims to proceed. The allegations of Counts XI and XII fail to set forth any cause of action against the UC Defendants and must be dismissed.

Moreover, Illinois law requires that "[w]here the Plaintiff intends to rely on the doctrine of 'res ipsa loquitur,' as defined by Section 2-1113 of this Code, the affidavit and written report [required un Section 622] must state that, in the opinion of the reviewing health professional,

negligence has occurred in the course of medical treatment. The affiant shall certify upon filing of the complaint that he is relying on the doctrine of 'res ipsa loquitur.'" 735 ILCS 5/2-622(c). Here, even if Plaintiffs had provided the report and affidavit required under Section 622, these Counts still would fail because Plaintiffs failed to comply with this provision specifically relating to res ipsa loquitur.

IV. **Counts XIII and XIV, Alleging Informed Consent, Must Be Dismissed Because Plaintiffs Have Failed to Provide Statutorily Required Affidavit and Report of Merit.**

Counts XIII and XIV allege causes of action based on the alleged failure of the UC Defendants to properly inform the decedent of the possible consequences of the actions and procedures undertaken or forgone. Illinois law also provides that "[w]hen the attorney intends to rely on the doctrine of failure to inform of the consequences of the procedure, the attorney shall certify upon the filing of the complaint that the reviewing health professional has, after reviewing the medical record and other relevant materials involved in the particular action, concluded that a reasonable health professional would have informed the patient of the consequences of the procedure." 735 ILCS 5/2-622(d). Again, Plaintiffs have failed to provide any such report or affidavit and these Counts must be dismissed.

V. **Only the Estate of the Decedent Is a Proper Plaintiff In This Case.**

Counts IX, XI, XIII, XV, and XVII raise causes of action under the Illinois Survival Act, seeking damages for pain and suffering, et al., from the time of the decedent's alleged injuries until her death. All of the named Plaintiffs jointly, including the Estate of the decedent, the mother and the siblings of the decedent, attempt to bring these claims in their own names. However, Illinois law has long held that only the administrator of the Estate of a decedent has standing to bring a cause of action under the Survival Act. *Wilmere v. Stibolt,* 504 N.E.2d 916,

918 (1st Dist. 1987). As a result, to the extent that the individual named Plaintiffs seek recovery in their own behalf the case must be dismissed.

Similarly, Counts X, XII, XIV, XVI, and XVIII raise claims under the Illinois Wrongful Death Act. That Act specifically provides that "[e]very such action shall be brought by and in the names of the personal representatives of such deceased person." 740 ILCS 180/2. Here again, each of the individual Plaintiffs purport to bring a cause of action under this Act and to that extent, the case must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants THE UNIVERSITY OF CHICAGO HOSPITALS and THE UNIVERSITY OF CHICAGO respectfully request that this Court dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and grant such further and additional relief as the Court deems just.

Respectfully submitted,

THE UNIVERSITY OF CHICAGO HOSPITALS
and THE UNIVERSITY OF CHICAGO

By: _____
One of Their Attorneys

Scott R. Wolfe (ARDC #6230545)
Kevin J. Clancy (ARDC #6217109)
Lowis & Gellen, LLP
200 West Adams Street
Suite 1900
Chicago, Illinois 60606
312-364-2500

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on January 28, 2008, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing all counsel of record in this case including the following.

|  |  |
|---|---|
| **Lawrence H. Nemirow**<br>5242 Katella Ave.<br>Suite 104<br>Los Alamitos, CA  90720<br>Fax 562-799-1377<br>nemirow@aol.com | Brian Thomas Henry<br>Christine J. Iversen<br>Pretzel & Stouffer, Chtd.<br>One South Wacker Drive<br>Suite 2200<br>Chicago, IL 60606-4673<br>(312) 346-1973<br>bhenry@pretzel-stouffer.com<br>civersen@pretzel-stouffer.com |

*/s/ Kevin J. Clancy*