IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF HELENE S. NEMIROW; IRMA CARVER; MADELEINE KATES; AND LAWRENCE H. NEMIROW, as survivors of HELENE S. NEMIROW, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> MCKAY MCKINNON, M.D.; THE UNIVERSITY OF CHICAGO HOSPITALS, an Illinois corporation; THE UNIVERSITY OF CHICAGO, an Illinois not-for-profit corporation; and DOES 1-50, <br><br> Defendants. | No. 07-cv-6413 <br><br> Judge George M. Marovich <br><br> Magistrate Judge Nan R. Nolan |

### MOTION FOR A QUALIFIED PROTECTIVE ORDER PURSUANT TO HIPAA

Defendants, THE UNIVERSITY OF CHICAGO HOSPITALS ("UCH") and THE UNIVERSITY OF CHICAGO ("The University") (collective "UC Defendants"), by their attorneys, Scott R. Wolfe and Kevin J. Clancy of Lowis & Gellen, LLP, move this Court pursuant to 42 U.S.C. § 1320(d) and 45 CFR Parts 160 and 164 (HIPAA), for the entry of a qualified protective order, and in support thereof, state as follows:

1. Plaintiffs have filed suit alleging medical malpractice claims arising from the treatment of decedent HELENE S. NEMRIOW.

2. The Defendants, all treating physicians, all hospitals and all other health care providers referred to in the pleadings in this case and who may have treated the decedent are all "covered entities" as defined by 45 CFR § 164.512(e). HIPAA prohibits covered entities from disclosing "protected health information" ("PHI") in judicial proceedings other than by authorization or qualified protective order 45 CFR § 164.512(e).

3. These covered entities are or may be in possession of PHI as defined by 45 CFR §160.103 and 160.501, in the form of medical records (imaging test results, insurance documents, notes, orders, labs, correspondence, pathology, etc.), pertaining to HELENE S. NEMIROW.

4. Both the prosecution and defense of this case will require that the parties, their attorneys, their attorney's agents, consultants and various witnesses and other personnel receive and review copies of the PHI pertaining to HELENE S. NEMRIOW.

5. A proposed Qualified Protective Order allowing for the limited disclosure and use of such PHI is attached here as Exhibit A.

WHEREFORE, Defendants, The University of Chicago Hospitals and the University of Chicago, respectfully requests that this Court enter the proposed order permitting the use and disclosure of PHI created or received by any covered entity who has provided health care to HELENE S. NEMIROW or is in possession of any PHI of HELENE S. NEMIROW for any purpose connected with the pending litigation.

Respectfully submitted,

THE UNIVERSITY OF CHICAGO HOSPITALS
and THE UNIVERSITY OF CHICAGO

By: _____
One of their Attorneys

Scott R. Wolfe (ARDC #6230545)
Kevin J. Clancy (ARDC #6217109)
Lowis & Gellen, LLP
200 West Adams Street
Suite 1900
Chicago, Illinois 60606
312-364-2500

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on January 28, 2008, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing all counsel of record in this case including the following.

|  |  |
|---|---|
| **Lawrence H. Nemirow**<br>5242 Katella Ave.<br>Suite 104<br>Los Alamitos, CA  90720<br>Fax 562-799-1377<br>nemirow@aol.com | Brian Thomas Henry<br>Christine J. Iversen<br>Pretzel & Stouffer, Chtd.<br>One South Wacker Drive<br>Suite 2200<br>Chicago, IL 60606-4673<br>(312) 346-1973<br>bhenry@pretzel-stouffer.com<br>civersen@pretzel-stouffer.com |

*[signature]*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF HELENE S. NEMIROW; ) <br> IRMA CARVER; MADELEINE KATES; ) <br> AND LAWRENCE H. NEMIROW, ) <br> as survivors of HELENE S. NEMIROW, ) <br> deceased, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MCKAY MCKINNON, M.D.; THE ) <br> UNIVERSITY OF CHICAGO ) <br> HOSPITALS, an Illinois corporation; THE ) <br> UNIVERSITY OF CHICAGO, an Illinois ) <br> not-for-profit corporation; and DOES 1-50, ) <br> ) <br> Defendants. ) | No. 07-cv-6413 <br><br> Judge George M. Marovich <br><br> Magistrate Judge Nan R. Nolan |

## HIPAA QUALIFIED PROTECTIVE ORDER

THIS CAUSE COMING TO BE HEARD on the Motion of Defendants, THE UNIVERSITY OF CHICAGO HOSPITALS and THE UNIVERSITY OF CHICAGO BAYER CORPORATION, for the entry of a HIPAA Qualified Protective Order, due notice given, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED:

1)   All records produced by the parties to this litigation shall be produced subject to the conditions of this Order.

2)   This Order shall apply to any records produced by a Covered Entity as defined by 45 C.F.R. 160.103 which receives a request to produce or subpoena for protected health information.

3) During the course of this litigation, it may be necessary for the parties or their attorneys to disclose protected health information of the decedent, HELENE S. NEMIROW, as that term is defined under the Health Insurance Portability and Accountability Act (HIPAA) and the Federal Regulations enacted pursuant to said Act.

    (a) All protected health information disclosed by any of the plaintiff's health care providers shall be used for the sole purpose of preparing for or conducting this litigation, including, but not limited to, discovery, depositions, trial preparation, trial, and appeal, and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

    (b) Protected health information, as defined by 45 C.F.R. 164.501, may be disclosed by any covered entity or health care provider, party or parties' attorney, without further notice to:

        (1) The parties themselves, parties' attorneys, experts, consultants, treating physicians, other health care providers, insurance carriers from whom damages, compensation or indemnity is sought and any entity performing monitoring or adjustment activities on behalf of such insurance carrier and/or their employees, agents or third party administrators for any of the parties involved in the litigation, in any proceedings for health oversight activities as permitted under 45 C.F.R. 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of all of the above.

        (2) The parties, and each entity governed by this Order shall either (a) destroy, or (b) return to the entity who originally produced it, all protected health information, including all copies made, provided, however, that said protected health information may be retained in the files of the entities listed in paragraph (1) above and may be destroyed pursuant to their regular file retention policies so long as the protected health information is maintained in a secure environment.

Entered this _____ day of February, 2008.

_____
JUDGE GEORGE M. MAROVICH