Lawrence H. Nemirow
5242 Katella Ave., Suite 104
Los Alamitos, CA 90720-2820
Tel. (562) 799-1379
Fax. (562) 799-1377

*Pro Se* for the Estate of Helene S. Nemirow et al

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

THE ESTATE OF HELENE S. NEMIROW; IRMA CARVER; MADELEINE KATES and LAWRENCE H. NEMIROW, as survivors of HELENE S. NEMIROW, deceased.

                Plaintiffs,

v

MCKAY MCKINNON, M.D., THE UNIVERSITY OF CHICAGO HOSPITALS, an Illinois corporation; THE UNIVERSITY OF CHICAGO, an Illinois not-for-profit corporation; and DOES 1 through 50, Inclusive

                Defendants.

Civil Action No. 07CV6413
Judge George Marovich
Mag. Judge Nolan

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT McKAY McKINNON, M.D.'S MOTION TO DISMISS

TO DEFENDANT McKAY McKINNON, M.D. AND HIS ATTORNEY OF RECORD:

    PLEASE TAKE NOTICE that on February 5, 2008, or as soon as the Court schedules a hearing on this matter, Plaintiff Lawrence H. Nemirow, on behalf of all plaintiffs, will appear in the above entitled Court, in person, or telephonically if

1  allowed, to oppose Defendant McKay McKinnon's Motion to Dismiss the Complaint
2  with prejudice.
3      Plaintiff's opposition to the Motion to Dismiss will be based upon this
4  Memorandum In Opposition to Defendant McKay Mckinnon's motion to dismiss, all
5  pleadings and papers filed herein, and upon such other evidence and testimony as may
6  be presented to the Court at this hearing.
7  Dated: January 24, 2008

By _____
Lawrence H. Nemirow, In Pro Se
The Estate of Helene S. Nemirow
Irma Carver, and Madeleine Kates

**TABLE OF CONTENTS**

A.  Introduction .................................................................. 6

B.  Argument ..................................................................... 6

   APPLYING ILLINOIS LAW WITH REGARD TO THE REQUIREMENT TO ATTACH A CERTIFICATE AND REPORT TO TE COMPLAINT FILED HEREIN WOULD OFFEND TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE..... ............................................................... 6

   PLAINTIFFS FAILURE TO ATTACH A CERTIFICATE AND REPORT SHOULD BE EXCUSED BECAUSE OF MISTAKE, INADVERTENCE, SURPRISE OR EXCUSABLE NEGLECT ................................................. 8

   SHOULD THIS COURT DISMISS THE COMPLAINT FOR FAILURE TO ATTACH A CERTIFICATE AND REPORT, THIS COURT HAS AUTHORITY TO GRANT LEAVE TO AMEND ..................................................... 9

C.  Conclusion ................................................................... 9

## TABLE OF AUTHORITIES

Collins v. Morgan Stanley Dean Witter (2000, 5th Cir.) 224 F.3d 496, 498-99 .............. 6

In re Stat Elecs. Sec. Litig (1996, 9th Cir.) 89 F.3d 1399, 1403 ........................ 6

Hishon v. King & Spalding (1984) 467 U.S. 69, 73, 104 S.Ct 2229, 2232 .................. 6

City of Indianapolis v. Chase Manhattan Bank (1941) 314 U.S. 63, 69; 62 S. Ct. 15, 17 ....... 7

Safeco Ins. Co. V. City of White House (6th Cir. 1994) 36 F.3d 540, 544 ................. 7

Asahi Metal Indus. Co. v. Superior Ct. (1987) 480 U.S. 102, 109; 107 S.Ct. 126, 130 ........ 7

Bell Paper Box, Inc. v. U.S. Kids, Inc. (8th Cir. 1994) 22 F.3d 816, 818-819 ............... 7

Sherrod v. Lingle (7th Cir. 2000) 223 F.3d 605, 614 ................................... 9

McCastle v. Mitchell B. Sheinkop M.D. Ltd. (1987) 520 N.E.2d 293, 295 ................. 9

Cammon v. West Suburban Hosp. Med. Ctr. (Ill. App. Ct. 1st Dist. 1998) 704 N.E.2d 731, 739.. 9

Apa v. Rotman (Ill.App. Ct. 1997) 288 Ill. App. 3d 585; 680 N.E.2d 801, 804 .............. 9

# STATUTES

FRCP 12 (b)(6) .................................................................. 6

735 ILCS 5/2-622 ............................................................ 6, 7, 9

### A. Introduction

1. Plaintiffs in Pro Se are the Estate of Helene S. Nemirow, deceased, Irma Carver, Madeleine Kates, and Lawrence H. Nemirow.

2. Plaintiff sued defendant for (i) Medical Malpractice/Survival Action; (ii) Medical Malpractice Wrongful Death; (iii) Res Ispa Loquitor/Survival Action; (iv) Res Ipsa Loquitor/Wrongful Death Action; (v) Lack of Informed Consent/Survival Action; (vi) Lack of Informed Consent/Wrongful Death Action; (vi) Negligent Supervision/Survival Action; and (vii) Negligent Supervision/Wrongful Death.

3. Plaintiffs believe that Defendant filed a 12 (b)(6) motion to dismiss on January 18, 2008 for alleged violation of 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure and that there is a requested hearing date of February 5, 2008. Plaintiff's have not been served with notice as of this time.

4. Plaintiffs files this response asking the court to deny defendant's motion.

### B. Argument

5. When considering a defendant's motion to dismiss, the court must construe the factual allegations in the complaint in light most favorable to plaintiff. Collins v. Morgan Stanley Dean Witter, (2000, 5th Cir.) 224 F.3d 496, 498-99; In re Stat Elecs. Sec. Litig.; (1996, 9th Cir.) 89 F.3rd 1399, 1403. Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendants motion. Hishon v. King & Spalding (1984) 467 U.S. 69, 73, 104 S.Ct 2229, 2232. If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion. {see O'Connor's Federal Rules. "Standard," ch 3-F, §5.1, p. 166.}(1996, 9th Cir.).

### APPLYING ILLINOIS LAW WITH REGARD TO THE REQUIREMENT TO ATTACH A CERTIFICATE AND REPORT TO THE COMPLAINT FILED HEREIN WOULD OFFEND TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE

6. There is complete diversity between Plaintiff's and Defendant. *See* City of Indianapolis v. Chase Manhattan Bank, (1941) 314 U.S. 63, 69, 62 S. Ct. 15, 17; Safeco Ins. Co.v. City of White House, (6th Cir. 1994)36 F.3d 540, 544. Specifically, *Pro Se* Plaintiffs reside in California, New Jersey and Florida. The deceased, prior to her death, resided in the States of New York and Florida.

7. Defendant alleges that this case should be dismissed with prejudice because no certificate or report was attached to the complaint in violation of Section 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

8. Plaintiffs filed their complaint in this district because this is the district in which the defendant resides and practices medicine, and the malpractice complained of in this complaint occurred in this district.

9. However, Plaintiffs believed in good faith that defendant had minimum contacts with all of the states involved by appearing on a nationally televised program in which the public became aware of his reputation as a physician and surgeon, and that a complaint could be filed against defendant according to the laws of any of the States involved.

10. Under minimum-contacts analysis, the court must determine whether the defendant purposely availed himself of the benefits and protections of the forum state by conducting activities within the forum state. Asahi Metal Indus. Co. v. Superior Ct. (1987) 480 U.S. 102, 109, 107 S.Ct. 1026, 1030; Bell Paper Box, Inc. v. U.S. Kids, Inc. (8th Cir. 1994) 22 F.3d 816, 818-819. In measuring contacts, the court should consider the following: (1) the nature and quality of the contacts with the forum state, (2) the quality of the contacts, (3) the relation of the cause of action to the contacts, (4) the interest of the forum state in providing a forum for its residents, and (5) the convenience of the parties.

11. There is a legitimate question before this court as to whether applying the malpractice filing requirements of the State of Illinois as compared to that of California, Florida, New Jersey or New York, would offend the notions of fair play

7

1  and substantial justice and be inconsistent with the constitutional requirements of due
2  process.
3      12. There is a Conflict of Laws between the State of Illinois and the laws of the
4  other states involved which must be resolved by this Court before the matter can be
5  dismissed..
6      13. Defendants only cited authority with regard to why this court should apply
7  Illinois law to the malpractice filing requirements related to cases involving post and
8  pre judgment interest, and has no relation to the case at hand.
9      WHEREFORE, because facts exists that would entitle Plaintiffs to relief and a
10 legitimate controversy exists as to the conflict of state laws, Plaintiffs request that
11 Defendant's Motion for Dismissal With Prejudice be denied, or that the Court grant
12 Plaintiff's leave to amend so that proper filing requirements be met.

## PLAINTIFFS FAILURE TO ATTACH A CERTIFICATE AND REPORT SHOULD BE EXCUSED BECAUSE OF MISTAKE, INADVERTENCE SURPRISE OR EXCUSABLE NEGLECT

18     14. If Plaintiffs are in error regarding the application of the laws of other states
19 with regard to the requirement that a certificate and report be filed with a malpractice
20 complaint, then Plaintiffs made a mistake by inadvertently assuming that an expert can
21 be designated and named during the course of litigation, and Plaintiffs are surprised
22 to learn that only the laws of the State of Illinois would apply to this matter.
23     WHEREFORE, because the failure to attach a certificate and report was the result
24 of mistake, inadvertence, and surprise, Plaintiffs request that Defendant's Motion for
25 Dismissal With Prejudice be denied, or that the Court grant Plaintiff's leave to amend
26 so that proper filing requirements be met.
27
28

### SHOULD THIS COURT DISMISS THE COMPLAINT
### FOR FAILURE TO ATTACH A CERTIFICATE AND REPORT,
### THIS COURT HAS AUTHORITY TO GRANT LEAVE TO AMEND

15. In the case of Sherrod v. Lingle, 223 F.3d 605, 614 (7th Cir. 2000), that court has held that While the decision to dismiss with or without prejudice is left to the sound discretion of the court, *see* McCastle v. Mitchell B. Sheinkop M.D. Ltd. (1987) 520 N.E.2d 293, 295.

16. Illinois courts have held that when a plaintiff fails to attach a certificate and report, then a sound exercise of discretion mandates that the plaintiff be at least afforded an opportunity to amend her complaint to comply with section 2-622 before the action is dismissed with prejudice. Cammon v. West Suburban Hosp. Med. Ctr., 704 N.E.2d 731 739 (Ill. App. Ct. 1st Dist. 1998); see also Apa v. Rotman, 288 Ill. App. 3d 585, 680 N.E.2d 801, 804, 223 Ill. Dec. 851 (Ill. App. Ct. 1997).

WHEREFORE, Plaintiffs request that should Defendant's Motion for Dismissal With Prejudice be granted, that the Court grant Plaintiff's leave to amend so that proper filing requirements be met.

### C. Conclusion

**WHEREFORE,** Plaintiffs respectfully requests this Court:

1. Deny the defendant's motion to dismiss, or in the alternative, that plaintiff be granted leave to amend;

2. For such other relief as the Court determines to be in the interest of justice.

Respectfully Submitted:

Date: January 24, 2008

By _____
Lawrence H. Nemirow, In *Pro Se*
On behalf of all Plaintiffs