Lawrence H. Nemirow
5242 Katella Ave., Suite 104
Los Alamitos, CA 90720-2820
Tel. (562) 799-1379
Fax. (562) 799-1377

*Pro Se* for the Estate of Helene S. Nemirow et al

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE ESTATE OF HELENE S. NEMIROW; IRMA CARVER; MADELEINE KATES and LAWRENCE H. NEMIROW, as survivors of HELENE S. NEMIROW, deceased.<br><br>Plaintiffs,<br><br>v<br><br>MCKAY MCKINNON, M.D., THE UNIVERSITY OF CHICAGO HOSPITALS, an Illinois corporation; THE UNIVERSITY OF CHICAGO, an Illinois not-for-profit corporation; and DOES 1 through 50, Inclusive<br><br>Defendants. | Civil Action No. 07CV6413<br>Judge George Marovich<br>Mag. Judge Nolan<br><br>F I L E D<br><br>FEB 1 9 2008  YM<br>Feb 19, 2008<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

## MEMORANDUM IN OPPOSITION TO THE UNIVERSITY OF CHICHAGO AND UNIVERSITY OF CHICAGO HOSPITAL'S MOTION TO DISMISS

### A. Introduction

1. Plaintiffs in Pro Se are the Estate of Helene S. Nemirow, deceased, Irma Carver, Madeleine Kates, and Lawrence H. Nemirow. Defendants are the University of Chicago Hospitals and The University of Chicago.

2. Plaintiff sued defendants for (i) Medical Malpractice/Survival Action; (ii) Medical Malpractice Wrongful Death; (iii) Res Ispa Loquitor/Survival Action; (iv) Res Ipsa Loquitor/Wrongful Death Action; (v) Lack of Informed Consent/Survival Action; (vi) Lack of Informed Consent/Wrongful Death Action; (vi) Negligent Supervision/Survival Action; and (vii) Negligent Supervision/Wrongful Death .

3. On or about February 3, 2008 Plaintiff's received a Notice of Document Entry From the Court by mail which indicated that Defendants University of Chicago Hospitals and the University of Chicago filed motions with this Court including motions to extend time to respond, motions for a qualified protective order and motions to dismiss.

4. These Defendants did not serve these *Pro Se* Plaintiffs by mail as required by local rules, and therefore, the Defendants motion to dismiss must be stricken or denied.

### B. Argument

5. There is no question in law that fairness demands that a party be given an opportunity to respond to a motion to dismiss filed by the other party.

6. Local rules require that attorneys who efile their motions to dismiss serve non-attorneys or those who have no access to CM/ECF, and who do not received notice of efilings, be served with motions by mail.

7. Defendants did not serve their motions to these Plaintiffs by mail and therefore the motions should be denied under Local Rule 78.2.

8. This Court has already denied Plaintiffs Motion for Default because the Court ruled Plaintiffs did not serve these Defendants with a Certificate of Service. Fairness demands that Defendants motion to dismiss be denied for the same reasons.

9. Plaintiffs provided Defendants with an opportunity to cure its lack service by sending a meet and confer letters(attached as Exhibit I) which Defendant has not been responded to . (See Attached Declaration of Lawrence H. Nemirow)

### C. Conclusion

**WHEREFORE,** Plaintiffs respectfully requests this Court:

1. Deny the defendant's motion to dismiss, or in the alternative, strike the motion to dismiss.

2. For such other relief as the Court determines to be in the interest of justice.

Respectfully Submitted:

Date: February 11, 2008

By _____
Lawrence H. Nemirow, In *Pro Se*
On behalf of all Plaintiffs

EXHIBIT I

# The Law Offices of Lawrence H. Nemirow
# A Professional Corporation

5242 Katella Ave., Suite 104
Los Alamitos, California 90720-2820
562-799-1379
Fax: 562-799-1377
nemirow@aol.com

## FAX TRANSMISSION COVER SHEET

**Date:** February 7, 2008

**To:** Kevin J. Clancy, Esq.

**Fax:** (312) 364-1003

**Re:** *Estate of Helene Nemirow vs. University of Chicago Hospitals*

**Sender:** Lawrence H. Nemirow

YOU SHOULD RECEIVE THREE PAGE(S), INCLUDING THIS COVER SHEET. IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL 562-799-1379.

NOTICE OF CONFIDENTIALITY: The information contained in this fax transmission is intended only for the personal and confidential use of the designated recipients named above. The communication may be protected by the Attorney-Client privilege or the work product rule, and, as such, is privileged and confidential. If the reader of this message is not the intended recipient, or an agent charged with delivering the message to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. Do not under any circumstances read the documents transmitted under this cover or disclose their contents unless you are the intended recipient. If you have received this message in error, please notify us by telephone and return the original message and all copies to the address set forth above by mail at our expense.
Thank You.

THE LAW OFFICES OF

# LAWRENCE H. NEMIROW
ATTORNEY AT LAW
A PROFESSIONAL CORPORATION

5242 Katella Avenue,
Suite 104
Los Alamitos, CA 90720-2820
(562) 799-1379
Fax (562) 799-1377
nemirow@aol.com

February 7, 2008

Kevin J. Clancy, Esq.
Lowis & Gellen, LLP
200 West Adams Street, Suite 1900
Chicago, Illinois 60606

   Re: Estate of Helene Nemirow vs. University of Chicago Hospitals, et al.
    Case No.: 1:07-cv-06413

Dear Mr. Clancy:

As you may be aware, I am handling this case *Pro Se* in the Federal Court, Northern District of Illinois.

I am not registered as an Illinois attorney, and I am not appearing *Pro Hoc Vice*. As such, I am not an electronic filer in the Court and file and should receive all my documents by mail.

Your local rules require that you serve me with all documents that you efile with the Court by mail.

I received a Notification Of Document Entry from the Court by mail which indicates that you have efiled certain motions, which from the Judges language may include a motion to dismiss, which you have not served upon me by mail.

Today, I mailed to the Court a stipulation and request to dismiss with prejudice the case against McKay McKinnon, M.D. Other than certain Doe defendants that I will be requesting be added to the litigation, your clients are the only named defendants remaining in the case.

The Judge ordered my responses are due by March 5, 2008. However, you are required to serve me with the motions so that I can properly respond.

In order to avoid having to file a request to quash any of your motions for lack of service, I propose that we stipulate continuing the briefing schedule ordered by the Judge to allow you time to properly serve your motions by mail and give me the opportunity of reviewing the motions and providing a response.

February 7, 2008

As an alternative, I request that we stipulate to allow me to file an amended complaint wherein I intend to add one of the nursing homes as a defendant, strike some of the causes of action against your clients, and provide an opinion letter as to any cause of action against your client that I intend to continue, if any.

Your immediate attention to this letter, which should be construed as a Meet and Confer, would be appreciated.

Please feel free to call me to discuss these issues further.

Very Truly Yours,

Lawrence H. Nemirow