Lawrence H. Nemirow
5242 Katella Ave., Suite 104
Los Alamitos, CA 90720-2820
Tel. (562) 799-1379
Fax. (562) 799-1377

Robert A. Holstein
Holstein Law Offices, LLC
19 South LaSalle Street, Suite 1500
Chicago, IL 60603
Tel. (312) 306-8000

Attorney's for the Estate of Helene S. Nemirow

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| THE ESTATE OF HELENE S. NEMIROW; by the estate administrator LAWRENCE H. NEMIROW<br><br>Plaintiff,<br><br>v<br><br>MCKAY MCKINNON, M.D., THE THE UNIVERSITY OF CHICAGO HOSPITALS, an Illinois corporation; THE UNIVERSITY OF CHICAGO, an Illinois not-for-profit corporation; and DOES 1 through 50, Inclusive<br><br>Defendants. | Civil Action No. 07-cv-6413<br><br>Judge George Marovich<br>Mag. Judge Nolan |

**MEMORANDUM OF POINTS AND LAW IN SUPPORT OF MOTION TO STRIKE DEFENDANTS THE UNIVERSITY OF CHICAGO HOSPITALS and THE UNIVERSITY OF CHICAGO'S MOTION TO DISMISS AS BEING UNTIMELY**

///

///

///

1

1  Plaintiff, THE ESTATE OF HELENE S. NEMIROW, by its attorney Lawrence
2  H. Nemirow, Submit the following Memorandum of Points and Law In Support of
3  Motion To Strike Defendants THE UNIVERSITY OF CHICAGO HOSPITALS and
4  THE UNIVERSITY OF CHICAGO'S motion to dismiss as being untimely.

## INTRODUCTION

Plaintiff's First Amended Complaint in this matter was filed on March 8, 2008. Having received no responsive pleading after a twenty day period, Plaintiff e-filed a Request To Enter Default on March 29, 2008 and notice was immediately forwarded to Defendants via email from the Court. That Request is Pending before this Court. Defendants responsive pleading in the form of a Motion to Dismiss was filed on March 30, 2008.

## ARGUMENT

Pursuant to FRCP 15(a)(3) any required response to an amended pleading must be made within 10 days after service of the amended pleading.

FRCP 55 provides that when a party defaults, the court or clerk may enter a final judgment without the necessity of a trial on liability. The rational behind this rule is that the threat of a default judgment should encourage parties to timely file responsive pleadings and discourages the use of delay as a litigation tactic. Enron Oil Corp. V. Diakuhara (2nd Cir. 1993) 10F.3d 90-95-96.

In this matter, Defendants did not file their responsive pleading until they received the notice that we filed a Request for Default. The responsive pleading, in the form of a Motion To Dismiss, was filed twelve days after it was due.

The Plaintiff has a right under the Rules of Federal Procedure to obtain their entry of default, and the Defendants have the opportunity of moving to vacate the default by showing good cause for not timely resonding. In this case Defendants untimely proceeded to file a responsive pleading without providing the required request to vacate a default or potential default. Plaintiff will be prejudiced if Defendants are allowed to proceed with their motion because Plaintiff will lose its opportunity to

respond to any motion to vacate the entry of default that Plaintiff is entitled to.

The Law Firm that represented one of the former defendants in this matter set the seminal case regarding motions to aside entry of default judgments in this district. In that matter the law firm itself was a plaintiff that sought a default judgement. That case held that if the defendant learns about the entry of default before the default judgment is entered, it should immediately file a motion to set aside the entry of default before the clerk (or the court) enters the default judgment. <u>Pretzel & Stouffer v. Imperial Adjusters, Inc.</u> (1994) 23 F.3d 42

## CONCLUSION

For the foregoing reasons, Plaintiff THE ESTATE OF HELENE S NEMIROW respectfully requests that this Court strike Defendants Motion To Dismiss as being untimely pursuant to Federal Rules of Civil Procedure and grant such further and additional relief as the Court considers just.

Date: March 31, 2008

By _____
LAWRENCE H. NEMIROW
Attorney for the Estate
of HELENE S. NEMIROW

# CERTIFICATE OF SERVICE

The Undersigned, an attorney appearing Pro Hac Vice on behalf of the Plaintiff, The Estate of Helene S. Nemirow, certifies that on March 31, 2008, he electronically filed the foregoing document titled Memorandum of Points And Law In Support Of Motion To Strike Defendants The University of Chicago Hospitals and The University of Chicago's Motion To Dismiss with the clerk of the court using the CM/ECF system which will send notification of such filing to all counsel of record in this case including the following:

| LOCAL ATTORNEY FOR PLAINTIFF | ATTORNEYS FOR DEFENDANTS |
|---|---|
| **Robert A. Holstein**<br>Holstein Law Offices, LLC<br>19 South LaSalle Street, Suite 1500<br>Chicago, Illinois 60603 | **Kevin J. Clancy**<br>**Scott Russell Wolfe**<br>Lowis & Gellen, LLP<br>200 West Adams Street, Suite 1900<br>Chicago, Illinois 60606<br>Representing University of Chicago Hospitals<br><br>**Brian T. Henry**<br>**Christine J. Iversen**<br>Law Offices of Pretzel & Stouffer<br>One South Wacker Drive, Suite 2500<br>Chicago, Illinois 60606-4673<br>Representing McKay McKinnon, M.D. |

_____
Lawrence H. Nemirow, Attorney Pro Hac Vice
for The Estate of Helene S. Nemirow

4

MEMORANDUM OF POINTS AND LAW IN SUPPORT OF MOTION TO STRIKE