IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF HELENE S. NEMIROW; IRMA CARVER; MADELEINE KATES; AND LAWRENCE H. NEMIROW, as survivors of HELENE S. NEMIROW, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>MCKAY MCKINNON, M.D.; THE UNIVERSITY OF CHICAGO HOSPITALS, an Illinois corporation; THE UNIVERSITY OF CHICAGO, an Illinois not-for-profit corporation; and DOES 1-50,<br><br>Defendants. | No. 07-cv-6413<br><br>Judge George M. Marovich<br><br>Magistrate Judge Nan R. Nolan |

PLEASE TAKE NOTICE that we have this 1st day of April, 2008, we filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, the attached Opposition to Plaintiff's Motion for Default Judgment and Motion to Strike Defendants' Motion to Dismiss, a copy of which is attached and served upon you.

Respectfully submitted,
THE UNIVERSITY OF CHICAGO
HOSPITALS and THE UNIVERSITY OF
CHICAGO

By: _____
One of Their Attorneys

Scott R. Wolfe (ARDC #6230545)
Kevin J. Clancy (ARDC #6217109)
Lowis & Gellen, LLP
200 West Adams Street
Suite 1900
Chicago, Illinois 60606
312-364-2500

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on April 1, 2008, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing all counsel of record in this case including the following:

| Counsel for Plaintiff | Counsel for Defendant McKay McKinnon, M.D. |
|---|---|
| Lawrence Harvey Nemirow<br>**The Law Offices of Lawrence H. Nemirow, APC**<br>5242 Katella Ave<br>Suite 104<br>Los Alamitos, CA 90720<br>562-799-1379<br>Email: nemirow@aol.com | Brian Thomas Henry<br>Christine J. Iversen<br>**Pretzel & Stouffer, Chtd.**<br>One South Wacker Drive<br>Suite 2200<br>Chicago, IL 60606-4673<br>(312) 346-1973<br>bhenry@pretzel-stouffer.com<br>civersen@pretzel-stouffer.com |
| **Counsel for Plaintiff** | |
| Robert A. Holstein<br>**Holstein Law Offices LLC**<br>19 South LaSalle Street<br>Suite 1500<br>Chicago, IL 60603<br>(312)906-8000<br>Email: holsteinlaw@sbcglobal.net | |

*/s/ Kevin J. Clancy*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF HELENE S. NEMIROW; IRMA CARVER; MADELEINE KATES; AND LAWRENCE H. NEMIROW, as survivors of HELENE S. NEMIROW, deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>MCKAY MCKINNON, M.D.; THE UNIVERSITY OF CHICAGO HOSPITALS, an Illinois corporation; THE UNIVERSITY OF CHICAGO, an Illinois not-for-profit corporation; and DOES 1-50,<br><br>    Defendants. | No. 07-cv-6413<br><br>Judge George M. Marovich<br><br>Magistrate Judge Nan R. Nolan |

**OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND
MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS**

Defendants, THE UNIVERSITY OF CHICAGO HOSPITALS ("UCH") and THE UNIVERSITY OF CHICAGO ("The University") (collective "UC Defendants"), by their attorneys, Scott R. Wolfe and Kevin J. Clancy of Lowis & Gellen, LLP, submit the following Memorandum of Law in opposition to Plaintiff's Motion for Default Judgment and Motion to Strike the UC Defendants' Motion to Dismiss:

## BACKGROUND

In the past three days, Plaintiff has feverishly been lobbying this Court to have this case decided on procedural motions rather than on the merits. Plaintiff has disregarded the rules of this Court on numerous past occasions, including failures to properly notice its current motions, has sought and obtained an extension of time from the UC Defendants to file its Amended Complaint by the professional courtesy of those Defendants, but would deny the UC Defendants

any comparable courtesy for an extension of time, and, indeed, asks this court to impose a litigation death penalty, without so much as an email or telephone call to opposing counsel, due to a delay of a few days in filing a response to the Amended Complaint. Plaintiff's motions are not only a disappointing departure from the commonly accepted standards of professional courtesy, but also they are not merited by the facts or the case law of this jurisdiction.

Plaintiff, the Estate of Helene S. Nemirow, deceased, originally filed this action, along with the surviving relatives of the deceased, attempting to allege 18 separate causes of action relating to alleged medical practice in the past medical treatment of the deceased. All defendants filed motions to dismiss, based on Plaintiffs' failure to comply with state law requiring a physician's report of merit, and alleging failure to state a cause of action. Plaintiff then voluntarily dismissed Defendant McKay McKinnon, M.D. Rather than respond to the substance of the UC Defendants' motion to dismiss according the briefing schedule set by the court, Plaintiff instead requested that the UC Defendants agree not only to allow the Plaintiffs to file an Amended Complaint, but agree to allow them an extension of time of 30 days to file that Amended Complaint. Counsel for the UC Defendants agreed to those requests. (See Email dated Feb. 13, 2008, attached as Exhibit A). Knowing that Plaintiffs' counsel was from out of state, and not familiar with practicing in this Court, counsel for the UC Defendants even agreed to prepare a draft agreed motion for leave and for extension for the Plaintiffs, as a professional courtesy. (See Email dated Feb. 20, 2008, attached as Exhibit B).

Plaintiff filed its First Amended Complaint electronically on March 8, 2008, a Saturday. The First Amended Complaint was markedly different in a number of respects. First, all of the individual plaintiffs had been removed as parties. Second, although Dr. McKinnon had previously been dismissed voluntarily, he was again named as a defendant. Third, the complaint

2

was reduced from 18 counts, to 1 count. The effect of this was that Plaintiff had essentially conflated all of the substantive allegations previously divided in different causes of action, into one omnibus and vaguely described cause of action based on all of the alleged activity. Fourth, Plaintiff did include a report of merit from a physician, although the report of merit was deficient and failed to comply with the applicable Illinois statute in a number of respects. As a result, it required a significant amount of time to assess the report, identify the deficiencies and prepare a motion to dismiss discussing those deficiencies and the legal ramifications of the same. In addition, the defendants were uncertain why Dr. McKinnon had been re-named as a defendant which required investigation. Ultimately, Plaintiff once again filed a request for voluntary dismissal of Dr. McKinnon, creating further confusion as to the status of the pleadings.

The responsive pleading to the First Amended Complaint was due to be filed on Monday March 24, 2008 (10 business days after the effective date of filing that pleading). Ordinarily, the physician's report would have and should have been filed with the original complaint, which would have provided 20 days to assess and evaluate that report and formulate a motion addressing the deficiencies. Given the number of problems with the report and the truncated timeline, it took counsel for the UC Defendants more time than anticipated to fully assess the extent of the problems with that report and prepare a motion to dismiss based upon those deficiencies. In addition, the counsel primarily responsible for drafting the responsive motion, was unexpectedly occupied with a new case in the Circuit Court of Cook County, in which he represented the Plaintiff who had originally intended to move promptly for a temporary restraining order and preliminary injunction immediately upon filing the case, *Hub International Midwest Limited v. Heublein, et al.* (No. 08 CH 11041). Although the Plaintiff ultimately did not seek a temporary restraining order, work on preparation of that complaint and work on the

anticipated motions for injunctive relief occupied much of counsel's time during the week of March 17, 2008.

Counsel for the UC Defendants apologizes for the oversight in not seeking from the Court and extension of time to file the response to the Amended Complaint prior to the due date, as that is what should have taken place. Preparation of the motion to dismiss was almost fully completed on Friday, March 28, 2008 and it was anticipated that it would be filed first thing on Monday morning, March 31, 2008. Before that time passed, however, on Saturday March 29, 2008, Plaintiff filed a motion for default judgment. Plaintiff did not email or call counsel for the UC Defendants prior to filing that motion, or in any way provide any advance notice that a motion seeking to terminate the case would be filed over the weekend, notwithstanding previous courtesies extended to the Plaintiff in the recent past.

As a result of the urgency created by that motion, the UC Defendants promptly filed the Motion to Dismiss on Sunday, March 30, 2008 (admittedly 6 calendar days late). The nature and substance of the that Motion and Memorandum of Law, demonstrate on its face that it was not something put together in haste as a reaction to the Motion for Default, as that would have been nearly impossible in the 22 hours between filings. Nevertheless, rather than have the Court consider the merits of the Amended Complaint, Plaintiff not only filed a Motion to Strike the Motion to Dismiss, but also sent a draft order to the Court again seeking entry of default judgment without affording Defendants a chance to be heard. Plaintiff's Motion for Default Judgment and Motion to Strike should be denied.

## ARGUMENT

I. **Neither the Motion for Default Nor the Motion to Strike Were Properly Noticed Under Local Rule 5.3(b).**

Local Rule 5.3(b) provides that "Every motion or objection shall be accompanied by a notice of presentment specifying the date and time on which, and judge before whom, the motion or objection is to be presented. The date of presentment shall be not more than 10 business days following the date on which the motion or objection is delivered to the court." LR5.3(b). Plaintiff's motion for default judgment (Dkt. No. 52) contains no notice of motion whatsoever, effectively seeking to deprive the UC Defendants even from having an opportunity to respond. Similarly, although the Motion to Strike purports to have a Notice of Motion included (Dkt. No. 59), that Notice does not state a specific time or date for presentment, again effectively seeking to prevent the Defendants from having an opportunity to respond. In a hurried attempt to further prohibit Defendants from being heard, on April 1, 2008, Plaintiff submitted a proposed order of default judgment, asking that the Court enter that order, despite the failure to notice the motion for presentment. Plaintiff has on several occasions in the past also failed to file the requisite notices of motion, and the Court admonished Plaintiff on March 11, 2008 that "Counsel is to note that future motions that fail to comply with Local Rule 5.3(b) will be denied." (Dkt. No. 48). As a result of the failure to properly notice the Motion for Default and Motion to Strike, the UC Defendants respectfully request that the Motions be denied.

II. **The Motion for Default and Motion to Strike Seek Drastic Remedies That Are Not Warranted In This Case**

The identical relief Plaintiff seeks here was addressed in *Ciarpaglini v. Johnson*, 1990 WL 304194, *1 (N.D. Ill., Oct. 9, 1990) (Attached as Exhibit C). In that case, just as here, the plaintiff sought to seize on a technical argument of a delay in filing a motion to dismiss to both

strike the motion to dismiss, and obtain default judgment in his favor. The court stated that "Default judgment is a drastic sanction which courts should employ only as a last resort. . . . . Refusal to grant a default judgment is proper where the defendant's delay is not great and the plaintiff has neither alleged nor actually suffered any prejudice because of delay." *Id.* (Denying a motion for default and motion to strike). Here the delay was less than one week, and counsel for the Defendants has explained why the delay took place. In addition, Plaintiff does not even do so much as pay lip service to the idea that it is somehow prejudiced by the delay at issue. The Motion to Dismiss is scheduled for presentment on April 8, 2008, which provides Plaintiff time to review and assess it, and presumably at the presentment a briefing schedule can be entered allowing Plaintiff sufficient time to prepare and file a suitable response. The Plaintiff is not prejudiced at all in its ability to respond to the substance of that Motion. Plaintiff simply seeks to divorce this case from any hearing on the merits and obtain its judgment based on a delay of a matter of days. Because the delay was not significant and there is no suggestion of any prejudice to the Plaintiff, the Motion for Default and Motion to Strike should be denied.

    The cases upon which Plaintiff relies do not support or justify the entry of default. Plaintiff cites to *Enron Oil Co. v. Diakuhara*, 10 F.3d 90, 96-96 (2nd Cir. 1993) for the proposition that default is a proper remedy to encourage prompt filing of responsive pleadings and to discourage the use of delay as a litigation tactic. There is no indication that this limited delay was used as a litigation tactic and the suggestion of that is uncalled for. The motion to dismiss was filed 6 days late, due to the time it took to prepare it, work on other cases, and a regrettable error on the part of counsel in not seeking an extension in advance. Moreover, even in *Enron*, the court reversed the entry of default and stated that "defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted

or vacated, the doubt should be resolved in favor of the defaulting party. In other words, 'good cause' ... should be construed generously." *Id.* at 96.

In *Pretzel & Stouffer, Chtd. V. Imperial Adjusters, Inc.*, 28 F.3d 42 (7th Cir. 1994), the defendant failed to file an answer for 3 weeks (more than three times as long as this case) and had failed to attend a status hearing. The court entered default and set the matter for a prove-up. It was not until the prove-up hearing that defendant filed an answer, and even then failed to serve it on opposing counsel. In that case, the issue was what standard of cause is required to vacate a default *after* that default has already been entered. In this case, there has as of yet been no default entered, and the analysis in *Imperial* is not applicable. Even if it were, the facts of that case are decidedly more egregious than the present case.

## CONCLUSION

For the foregoing reasons, Defendants THE UNIVERSITY OF CHICAGO HOSPITALS and THE UNIVERSITY OF CHICAGO respectfully request that this Court deny Plaintiff's Motion for Default Judgment and Motion to Strike the Motion to Dismiss, and grant such further relief as the Court deems just.

Respectfully submitted,
THE UNIVERSITY OF CHICAGO HOSPITALS
and THE UNIVERSITY OF CHICAGO

By: /s/ Kevin J. Clancy
One of Their Attorneys

Scott R. Wolfe (ARDC #6230545)
Kevin J. Clancy (ARDC #6217109)
Lowis & Gellen, LLP
200 West Adams Street
Suite 1900
Chicago, Illinois 60606
312-364-2500

## Kevin Clancy

**From:** Kevin Clancy
**Sent:** Wednesday, February 13, 2008 3:35 PM
**To:** 'nemirow@aol.com'
**Subject:** Nemirow v. U of Chicago

Lawrence,

I am writing to let you know that we will agree to stipulate to an extension of time for you to file an Amended Complaint. Let me know how much time you would like or need to prepare that. We can just do an agreed order. This will moot our Motion to Dismiss and your motion to strike. Thank you.


Kevin J. Clancy
Lowis & Gellen LLP
200 W. Adams, Suite 1900
Chicago, Illinois 60606
Tel. (312) 628-7855
Fax (312) 364-1003
www.lowis-gellen.com

Confidentiality Notice:
This message is being sent by or on behalf of an attorney. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information which is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.



4/1/2008

## Kevin Clancy

**From:** NEMIROW@aol.com
**Sent:** Wednesday, February 13, 2008 3:51 PM
**To:** Kevin Clancy
**Subject:** Re: Nemirow v. U of Chicago

Dear Kevin:

Thank you for your professional courtesy.

I would appreciate an extension of thirty days to prepare the amended complaint, although I probably will be able to file it sooner.

If you don't mind preparing the Order according to local rules it would be much appreciated. Otherwise, I should be able to find your local forms online.

I have just received word from the Court that they have set me up for an ECF account, so I should be able to send and receive documents electronically.

Very Truly Yours,

Lawrence H. Nemirow
The Law Offices of Lawrence H. Nemirow
5242 Katella Ave., Suite 104
Los Alamitos, CA 90720
Phone (562) 799-1379 Fax (562) 799-1377 Cell (562) 715-3892

In a message dated 2/13/2008 1:35:29 P.M. Pacific Standard Time, kclancy@lowis-gellen.com writes:

> Lawrence,
>
> I am writing to let you know that we will agree to stipulate to an extension of time for you to file an Amended Complaint. Let me know how much time you would like or need to prepare that. We can just do an agreed order. This will moot our Motion to Dismiss and your motion to strike. Thank you.
>
> Kevin J. Clancy
> Lowis & Gellen LLP
> 200 W. Adams, Suite 1900
> Chicago, Illinois 60606
> Tel. (312) 628-7855
> Fax (312) 364-1003
> www.lowis-gellen.com
>
> Confidentiality Notice:
> This message is being sent by or on behalf of an attorney. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information which is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

The year's hottest artists on the red carpet at the Grammy Awards. AOL Music takes you there.

4/1/2008

## Kevin Clancy

| | |
|---|---|
| **From:** | Kevin Clancy |
| **Sent:** | Wednesday, February 20, 2008 11:53 AM |
| **To:** | 'NEMIROW@aol.com' |
| **Subject:** | RE: Nemirow v. U of Chicago |
| **Attachments:** | Mot. for leave to amend.DOC |

Lawrence,

Technically what we need to do is an agreed motion for leave to file an amended complaint. Since it is Plaintiffs that are seeking to amend, it should be filed by you. But I can prepare an agreed motion and send it to you for you to sign and file. You can also do a notice of motion, but the Judge will almost certainly rule on the motion without hearing or need for an appearance. As the court indicated in its recent order, you will also need to file an appearance by the other Plaintiffs pro se.

Kevin

---

**From:** NEMIROW@aol.com [mailto:NEMIROW@aol.com]
**Sent:** Tuesday, February 19, 2008 11:42 AM
**To:** Kevin Clancy
**Subject:** Re: Nemirow v. U of Chicago

Dear Kevin:

Please advise the status on preparation of the Order.

Thank You,

Lawrence H. Nemirow

In a message dated 2/13/2008 2:17:23 P.M. Pacific Standard Time, kclancy@lowis-gellen.com writes:

> That's no problem. Very good news, e-filing is much more convenient for everyone. Kevin
>
> ---
>
> **From:** NEMIROW@aol.com [mailto:NEMIROW@aol.com]
> **Sent:** Wednesday, February 13, 2008 3:51 PM
> **To:** Kevin Clancy
> **Subject:** Re: Nemirow v. U of Chicago
>
> Dear Kevin:
>
> Thank you for your professional courtesy.
>
> I would appreciate an extension of thirty days to prepare the amended complaint, although I probably will be able to file it sooner.
>
> If you don't mind preparing the Order according to local rules it would be much appreciated. Otherwise, I should be able to find your local forms online.

**EXHIBIT B**

4/1/2008

I have just received word from the Court that they have set me up for an ECF account, so I should be able to send and receive documents electronically.

Very Truly Yours,

Lawrence H. Nemirow
The Law Offices of Lawrence H. Nemirow
5242 Katella Ave., Suite 104
Los Alamitos, CA 90720
Phone (562) 799-1379  Fax (562) 799-1377  Cell (562) 715-3892

In a message dated 2/13/2008 1:35:29 P.M. Pacific Standard Time, kclancy@lowis-gellen.com writes:

> Lawrence,
>
> I am writing to let you know that we will agree to stipulate to an extension of time for you to file an Amended Complaint. Let me know how much time you would like or need to prepare that. We can just do an agreed order. This will moot our Motion to Dismiss and your motion to strike. Thank you.
>
>
> Kevin J. Clancy
> Lowis & Gellen LLP
> 200 W. Adams, Suite 1900
> Chicago, Illinois 60606
> Tel. (312) 628-7855
> Fax (312) 364-1003
> www.lowis-gellen.com
>
> Confidentiality Notice:
> This message is being sent by or on behalf of an attorney. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information which is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

The year's hottest artists on the red carpet at the Grammy Awards. AOL Music takes you there.

---

Delicious ideas to please the pickiest eaters. Watch the video on AOL Living.

4/1/2008

Top of Form

Not Reported in F.Supp., 1990 WL 304194 (N.D.Ill.)

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
Robert B. CIARPAGLINI, Jr., Plaintiff,
v.
Jack O. JOHNSON and City of South Beloit Police Department, Defendants.
No. 89 C 20307.
Oct. 9, 1990.
Robert B. Ciarpaglini, pro se.

Daniel T. Williams, Jr., Clark, Mc Greevy & Johnson, Rockford, Ill., for defendant.

ORDER

ROSZKOWSKI, District Judge.
*1 Before the court are the following motions: 1) Plaintiff's motion for default judgment; 2) Plaintiff's motion to strike Defendants' motion to dismiss; and 3) Defendants' motion to dismiss. For the reasons which follow, the court denies Plaintiff's motion for default judgment; denies Plaintiff's motion to strike Defendants' motion to dismiss; and grants Defendants' motion to dismiss. The court dismisses the case without prejudice, and grants Plaintiff thirty days in which to amend his complaint consistent with the reasoning set forth in this Order.

BACKGROUND

Plaintiff Robert B. Ciarpaglini, Jr. filed a complaint in the United States District Court for the Northern District of Illinois on October 2, 1989 alleging a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants in his complaint the South Beloit Police Department, and Jack O. Johnson, who Plaintiff claims acted as chief of police for the Department during the time his cause of action arose.

Plaintiff alleges the following facts in his complaint. In March or April 1987, Defendant Jack O. Johnson (hereinafter "Johnson") stopped Plaintiff, who was driving a rental car, in South Beloit, Illinois. Defendant Johnson informed Plaintiff that a warrant was out for his arrest on theft charge. Plaintiff was handcuffed and taken to the police station. Without first informing Plaintiff of his constitutional rights, Defendant Johnson questioned Plaintiff about the rental car he had been driving.

Defendant Johnson ordered that Plaintiff be placed in the Police Department's jail cell. Plaintiff asked to bring his briefcase into the jail cell, but Defendant Johnson refused, and said that the briefcase would remain in his office. Defendant Johnson opened and searched Plaintiff's briefcase without Plaintiff's consent, and found car rental agreements, documents, and, inside a computer disc, a credit card belonging to Plaintiff's father. Defendant Johnson told Plaintiff he was under arrest for unauthorized use of a credit


EXHIBIT C

card. Defendant Johnson confiscated a radar detection unit from the rental car Plaintiff had been driving, and refused to return it to Plaintiff.

*DISCUSSION*

Plaintiff perfected service of his complaint on Defendants on April 16, 1990. Defendants filed their motion to dismiss on May 8, 1990, twenty-one days later. Rule 12 of the Federal Rules of Civil Procedure requires that a defendant serve an answer within twenty days of having been served with a summons and complaint, unless certain circumstances apply. Fed.R.Civ.P. 12(a). Rule 55 provides that judgment of default shall be entered against a defendant who has failed to plead according to the Federal Rules of Civil Procedure. Fed.R.Civ.P. 55.

Plaintiff asks the court to enter a default judgment against Defendants, and also to strike Defendants' motion to dismiss, because of the tardiness of Defendants' response. Default judgment is a drastic sanction which courts should employ only as a last resort. *Lictenstein v. Jewelart, Inc.,* 95 F.R.D. 511, 513 (E.D.N.Y.1982). Refusal to grant a default judgment is proper where the defendant's delay is not great and the plaintiff has neither alleged nor actually suffered any prejudice because of delay. *Becker v. Smith,* 554 F.Supp. 767, 768-69 (M.D.Pa.1982). The court accepts Defendants' explanation that they exercised due diligence in locating counsel and filing their response. The court finds this explanation credible, and finds that as Defendants' responsive pleading was only one day late, their delay was not great. The court will not infer that this minor delay has somehow prejudiced Plaintiff, and Plaintiff has not alleged that it has. Therefore, the court denies Plaintiff's motion for default judgment. For these same reasons the court denies Plaintiff's motion to strike Defendants' motion to dismiss.

*2 In analyzing a motion to dismiss, this court will not dismiss a complaint unless it is clear there are no set of facts that Plaintiffs could prove consistent with the pleadings that would entitle them to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Murphy v. Lane,* 833 F.2d 106, 107 (7th Cir.1987); *Vaden v. Village of Maywood,* 809 F.2d 361, 363 (7th Cir.), *cert. denied,* 482 U.S. 908 (1987). The court will accept all well-pleaded factual allegations in the complaint as true. *Vaden,* 809 F.2d at 363; *Doe v. St. Joseph's Hosp. of Fort Wayne,* 788 F.2d 411, 414 (7th Cir.1986). In addition, this court will view the allegations in a light most favorable to the non-moving party. *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir.1984), *cert. denied,* 470 U.S. 1054 (1985); *Wolfolk v. Rivera,* 729 F.2d 1114, 1116 (7th Cir.1984).

Defendants argue that the court should dismiss Plaintiff's complaint because the statute of limitations has expired. The applicable statute of limitations for actions brought under 42 U.S.C. § 1983 is the forum state's residual or general personal injury statute of limitations. *Owens v. Okure,* 109 S.Ct. 573, 576 (1989). Because Plaintiff filed his complaint in the Northern District of Illinois, the Illinois statute of limitations applies. The Seventh Circuit has ruled that Illinois's two-year statute of limitations for personal injury applies to 42 U.S.C. § 1983 actions brought in Illinois. *Kalimara v. Illinois Dep't of Corrections,* 879 F.2d 276, 277 (7th Cir.1989).

However, another Illinois statute provides that the statute of limitations for certain actions, including personal injury actions, which accrue while a person is imprisoned, is tolled until the period of imprisonment ends. Ill.Rev.Stat. ch. 110, ¶ 13-202 (1988). A person who was allegedly deprived of his or her civil rights upon arrest, and imprisoned continuously from that date, can bring a 42 U.S.C. § 1983 action within two years after

the imprisonment ends. *Knox v. Cook Co. Sheriff's Police Dep't,* 866 F.2d 905, 907 (7th Cir.1988).

Plaintiff alleges that Defendants deprived him of his civil rights on the day of his arrest in March or April 1987. Because Plaintiff filed his complaint on October 2, 1989, more than two years has passed since the alleged violation, and the ordinary Illinois statute of limitations has expired. The complaint is timely only if Plaintiff shows that the statute of limitations tolled for a sufficient time because of his imprisonment. However, Plaintiff has not alleged that he was, for any period of time, imprisoned continuously from the time of his arrest in March or April 1987. For the above tolling provision to apply, Plaintiff would have to show that he was imprisoned continuously from his arrest in March or April 1987 until October 2, 1987 or later. Plaintiff has not alleged that this occurred.

*3 Other than naming a correctional institution as part of his mailing address on some of the documents he has filed with this court, Plaintiff has not indicated that he was imprisoned at any time after the day of his arrest in March or April 1987. The court cannot draw any inference from Plaintiff's complaint that Plaintiff is entitled to the tolling provision of the statute of limitations. Therefore, the court dismisses Plaintiff's complaint without prejudice. The court will reconsider Plaintiff's complaint if he shows that he was continuously imprisoned from the time of the arrest in question until October 2, 1987 or later.

*CONCLUSION*

For the reasons set forth above, the court denies Plaintiff's motion for default judgment and denies Plaintiff's motion to strike Defendants' motion to dismiss. The court grants Defendants' motion to dismiss. The court hereby dismisses this cause of action without prejudice. Plaintiff is allowed thirty days in which to amend his complaint consistent with this Order.

N.D.Ill.,1990.
Ciarpaglini v. Johnson
Not Reported in F.Supp., 1990 WL 304194 (N.D.Ill.)


Motions, Pleadings and Filings (Back to top)

• 3:89cv20307 (Docket) (Oct. 20, 1989)
END OF DOCUMENT


Adobe Reader is required to view PDF images.
Get Adobe Reader
(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.
Bottom of Form

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on April 1, 2008, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing all counsel of record in this case including the following:

| Counsel for Plaintiff | Counsel for Defendant McKay McKinnon, M.D. |
|---|---|
| Lawrence Harvey Nemirow<br>**The Law Offices of Lawrence H. Nemirow, APC**<br>5242 Katella Ave<br>Suite 104<br>Los Alamitos, CA 90720<br>562-799-1379<br>Email: nemirow@aol.com | Brian Thomas Henry<br>Christine J. Iversen<br>**Pretzel & Stouffer, Chtd.**<br>One South Wacker Drive<br>Suite 2200<br>Chicago, IL 60606-4673<br>(312) 346-1973<br>bhenry@pretzel-stouffer.com<br>civersen@pretzel-stouffer.com |
| **Counsel for Plaintiff** | |
| Robert A. Holstein<br>**Holstein Law Offices LLC**<br>19 South LaSalle Street<br>Suite 1500<br>Chicago, IL 60603<br>(312)906-8000<br>Email: holsteinlaw@sbcglobal.net | |

*/s/ Kevin Henry*