

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF HELENE S. NEMIROW; ) <br> IRMA CARVER; MADELEINE KATES; ) <br> AND LAWRENCE H. NEMIROW, ) <br> as survivors of HELENE S. NEMIROW, ) <br> deceased, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MCKAY MCKINNON, M.D.; THE ) <br> UNIVERSITY OF CHICAGO ) <br> HOSPITALS, an Illinois corporation; THE ) <br> UNIVERSITY OF CHICAGO, an Illinois ) <br> not-for-profit corporation; and DOES 1-50, ) <br> ) <br> Defendants. ) | No. 07-cv-6413 <br><br> Judge George M. Marovich <br><br> Magistrate Judge Nan R. Nolan |

## HIPAA QUALIFIED PROTECTIVE ORDER

THIS CAUSE COMING TO BE HEARD on the Motion of Defendants, THE UNIVERSITY OF CHICAGO HOSPITALS and THE UNIVERSITY OF CHICAGO BAYER CORPORATION, for the entry of a HIPAA Qualified Protective Order, due notice given, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED:

1) All records produced by the parties to this litigation shall be produced subject to the conditions of this Order.

2) This Order shall apply to any records produced by a Covered Entity as defined by 45 C.F.R. 160.103 which receives a request to produce or subpoena for protected health information.

3) During the course of this litigation, it may be necessary for the parties or their attorneys to disclose protected health information of the decedent, HELENE S. NEMIROW, as that term is defined under the Health Insurance Portability and Accountability Act (HIPAA) and the Federal Regulations enacted pursuant to said Act.

(a) All protected health information disclosed by any of the plaintiff's health care providers shall be used for the sole purpose of preparing for or conducting this litigation, including, but not limited to, discovery, depositions, trial preparation, trial, and appeal, and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

(b) Protected health information, as defined by 45 C.F.R. 164.501, may be disclosed by any covered entity or health care provider, party or parties' attorney, without further notice to:

(1) The parties themselves, parties' attorneys, experts, consultants, treating physicians, other health care providers, insurance carriers from whom damages, compensation or indemnity is sought and any entity performing monitoring or adjustment activities on behalf of such insurance carrier and/or their employees, agents or third party administrators for any of the parties involved in the litigation, in any proceedings for health oversight activities as permitted under 45 C.F.R. 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of all of the above.

(2) The parties, and each entity governed by this Order shall either (a) destroy, or (b) return to the entity who originally produced it, all protected health information, including all copies made, provided, however, that said protected health information may be retained in the files of the entities listed in paragraph (1) above and may be destroyed pursuant to their regular file retention policies so long as the protected health information is maintained in a secure environment.

Entered  **APR 10 2008**

_____
JUDGE GEORGE M. MAROVICH

2