Lawrence H. Nemirow
5242 Katella Ave., Suite 104
Los Alamitos, CA 90720-2820
Tel. (562) 799-1379
Fax. (562) 799-1377

Robert A. Holstein
Holstein Law Offices, LLC
19 South LaSalle Street, Suite 1500
Chicago, IL 60603
Tel. (312) 306-8000

Attorney's for the Estate of Helene S. Nemirow

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| THE ESTATE OF HELENE S. NEMIROW; by the estate administrator LAWRENCE H. NEMIROW,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF CHICAGO HOSPITALS, an Illinois corporation; THE UNIVERSITY OF CHICAGO, an Illinois not-for-profit corporation; and DOES 1 through 50, Inclusive<br><br>Defendants. | Civil Action No. 07-cv-6413<br><br>Judge George M. Marovich<br>Mag. Judge Nan. R. Nolan<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 15(a) |

## I. INTRODUCTION

Plaintiff, The Estate of Helene S. Nemirow, brings the following motion for leave to file a second amended complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

Plaintiff seeks to replace Doe 1 with a named Defendant Lakeview Nursing and

1

Rehabilitation Center or to add Lakeview Nursing and Rehabilitation Center to Plaintiffs complaint.

All claims against this new defendant are related to the original and first amended complaint filed in this case.

## II. SUMMARY OF THE FACTS

Plaintiff, The Estate of Helene S. Nemirow, filed its original complaint on or about November 13, 2007.

Plaintiff filed its First Amended Complaint on March 8, 2008. Shortly thereafter, Plaintiff dismissed defendant McKay McKinnon, M.D. without prejudice.

Defendants The University of Chicago Hospitals and The University of Chicago filed their 12(b)(6) Motion to Dismiss on March 30, 2008.

Plaintiff's Memorandum In Opposition To Defendants Motion was filed on April 10, 2008.

Defendants Reply to Plaintiff's Memorandum In Opposition To Dismiss was filed on May 22, 2008. To Date, the Court has not issued its ruling on Defendant Hospitals and Defendant University's 12(b)(6) motion.

Complete diversity still exists with the inclusion of this additional defendant as this defendant resides in the State of Illinois and the Plaintiff resides in a different State.

## III. LEAVE TO AMEND SHOULD BE FREELY GRANTED TO THE ESTATE

Rule 15 (a) provides that "leave to amend shall be freely given when justice so requires." See Fed. R. Civ. P. 15(a).

This Circuit has adopted a liberal policy respecting amendments to the pleadings in order that cases may be decided on the merits. Stern v. United States Gypsum, Inc. 547 F.2d 1329, 1334 (7th Cir. 1977), cert. denied, 434 U.S. 975, 98 S.Ct.533, 54 L.Ed.2d, 467 (1977). "Leave to amend should be freely given unless it appears to a certainty that plaintiff would not be entitled to any relief under any state of

facts which could be proved in support of his claim." *Id.* at 1334 (quoting Fuhrer v. Fuhrer 292 F.2d 140, 143 (7th Cir. 1961). The guidelines to be considered in determining whether or not a plaintiff should be allowed to amend were set forth in Forman v. Davis 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962):

In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue allowance of the amendment, futility of amendment, etc. - the leave sought, as the rules require, be "freely given."

## IV. PLAINTIFF'S AMENDMENT IS MADE NECESSARY DUE TO UPCOMING EXPIRATION OF THE STATUE OF LIMITATIONS WITH REGARD TO THE NEW DEFENDANT

Plaintiff seeks to amend its first amended complaint with the inclusion of a new defendant, Lakeview Nursing and Rehabilitation Center.

The cause of action against this new defendant arose upon discovery that Lakeview Nursing and Rehabilitation Center, in addition to defendants The University of Chicago Hospitals and the University of Chicago, committed malpractice that contributed to the wrongful death of the decedent Helene S. Nemirow on September 14, 2006.

To preserve Plaintiff's rights to file actions against this defendant prior to the expiration of the two year statute of limitations, Plaintiff request leave to amend its First Amended Complainant with the attached Second Amended Complaint, and if this Motion is granted, Plaintiff requests that the filing date for the Second Amended complaint relates back to the date of the filing of this motion.

## V. CONCLUSION

For the foregoing reasons, Plaintiff motion for leave to file a second amended complaint should be granted.

///

1    Respectfully Submitted,
2  Dated: September 6, 2008
3                   THE LAW OFFICES OF LAWRENCE H. NEMIROW
4
5                   Lawrence H. Nemirow
                    Attorney for Plaintiff
6                   The Estate of Helene S. Nemirow
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28